# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

COMMON CAUSE GEORGIA, as an organization,

*Plaintiff,*

v.

BRIAN KEMP, in his official capacity as Secretary of State of Georgia

*Defendant.*

Case No. 18-cv-05102-AT

## PLAINTIFF'S MEMORANDUM OF LAW REGARDING STANDING IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

In response to the Court's request at the November 8, 2018 hearing on Plaintiff's motion for a temporary restraining order, Plaintiff respectfully submits this memorandum of law to explain briefly why Plaintiff has standing to bring this case.

The Constitution's standing requirements are satisfied if the plaintiff has suffered or faces an imminent injury-in-fact, that is caused by the defendant's conduct, and is redressable by the Court. *See Fla. State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1159 (11th Cir. 2008). Because Plaintiff has been injured by Defendant's actions—and because Defendant can remedy those injuries—Plaintiff has standing to bring this case.

Courts, in the Eleventh Circuit and elsewhere, routinely find that groups like Plaintiff, which have broad missions to enhance participation in the democratic process, have standing to challenge government actions that impair that process. *See, e.g.*, *Arcia* v. *Fla. Sec'y of State*, 772 F.3d 1335, 1341 (11th Cir. 2014); *Common Cause/Ga.* v. *Billups*, 554 F.3d 1340, 1350 (11th Cir. 2009); *Browning*, 522 F.3d at 1166; *see also N.C. State Conference of the NAACP* v. *N.C. State Bd. of Elections*, 283 F. Supp. 3d 393, 402 (M.D.N.C. 2017); *Bellitto* v. *Snipes*, 221 F. Supp. 3d 1354, 1362–63 (S.D. Fla. 2016); *Common Cause of Colo.* v. *Buescher*, 750 F. Supp. 2d 1259, 1271 (D. Colo. 2010). Defendant's attempts to distinguish

these cases fails.  Contrary to Defendant's contention, in each of these cases, the court found organizational standing because the defendant's actions forced the organization to divert resources to address the problems those actions created—precisely the allegations made here.  *See, e.g.*, *Billups*, 554 F.3d at 1350 ("Because it will divert resources from its regular activities to educate voters about the requirement of a photo identification and assist voters in obtaining free identification cards, the NAACP established an injury sufficient to confer standing to challenge the statute.").

Defendant's failure to maintain the security of the voter registration list and his last-minute decision to increase the vulnerability of the system by publicizing its security issues have imposed concrete injuries on Plaintiff.  The core of Plaintiff's mission is bringing new participants into the political process and enhancing the public's trust in American democracy.  Compl. ¶¶ 4–5.  It is difficult to imagine a more direct injury to that mission than Defendant's failure to maintain the integrity of list of which citizens get to participate in elections.

Defendant's central contention to the contrary is that Plaintiff's claims of harm are too speculative.  That argument fails.  Plaintiff has alleged, and has now offered evidence of, concrete harm caused by Defendant's conduct.  These

allegations and evidence are sufficient to establish standing at this point in the case.

Plaintiff has alleged that the voter registration list is highly vulnerable to manipulation, that the vulnerability has been known to Defendant, and that his actions to publicize the vulnerability of the system have only made it worse. Compl. ¶¶ 7–31.  Plaintiff's expedited discovery request was aimed at developing evidence of such manipulation—and the evidence of a significant increase in the use of provisional ballots this year supports the inference that the voter registration list has been tampered with, particularly when coupled with evidence of voter registration problems at the polls and expert opinion regarding the vulnerability of the system.[1]

Defendant's failure to maintain the security of the voter registration list has injured Plaintiff in several ways sufficient to establish standing.  Plaintiff will have to take steps to ameliorate the risk and confusion caused by Defendant's knowing failure to secure the voter registration list.  *See Browning*, 522 F.3d at 1165

---

[1] *See* Declaration of Kevin Morris (ECF No. 25) ¶¶ 2, 5, 8; Declaration of Joshua A. Geltzer, (ECF No. 26) ¶¶ 6–10; Declaration of Harrison Wood (ECF No. 27) ¶¶ 6, 11; Declaration of Kathryn Grant (ECF No. 28) ¶¶ 7–11; Declaration of Sara Henderson (ECF No. 29) ¶¶ 15–26; Declaration of Jennifer Rose Flanagan (ECF No. 30) ¶¶ 7–9; Declaration of India Owen (ECF No. 31) ¶¶ 5–6; Declaration of Dan S. Wallach (ECF No. 35) ¶¶ 5–19.

(observing that the Supreme Court has found standing where "defendant's illegal acts impair [an organization's] ability to engage in its projects by forcing the organization to divert resources to counteract those illegal acts"); *see also Curling* v. *Kemp*, No. 1:17-CV-2989-AT, 2018 WL 4625653, at *7 (N.D. Ga. Sept. 17, 2018) (recognizing concrete harm imposed on individual voters by use of unsecure voting machines).  In recent years, Plaintiff has invested in its Election Day voter protection efforts.  Declaration of Sara Henderson (ECF No. 29) ¶¶ 5–8.  As a result of the risk and confusion caused by Defendant's failure to secure the voter registration list, Plaintiff will have to divert additional resources toward these efforts, rather than other organizational priorities, like organizing new chapters. *See id.* ¶¶ 5(d), 9–14.  Furthermore, Plaintiff was forced to divert Election Day voter protection resources toward helping voters who encountered registration problems at the polls.  *See id.* ¶¶ 18–26; Declaration of Jennifer Rose Flanagan (ECF No. 30) ¶¶ 7–15; *see also Arcia*, 772 F.3d at 1341 (observing that organizations can establish standing "by showing that they will have to divert personnel and time to educating potential voters on compliance with the laws and assisting voters who might be left off the registration rolls on Election Day").  In addition, as a result of the risk and confusion caused by Defendant's actions, Plaintiff will have to divert resources toward educating voters about what to do if

4

they encounter registration problems and answering voter question about security of Georgia's voting systems.  Declaration of Sara Henderson (ECF No. 29) ¶¶ 9–14; *see also Arcia*, 772 F.3d at 1341; *Buescher*, 750 F. Supp. 2d at 1270 (finding standing in part because plaintiffs would have to divert resources to dealing with voter registration problems).[2]

Moreover, *Clapper* v. *Amnesty International USA*, 568 U.S. 398 (2013), is distinguishable.  The nature of the injury in a voting rights case is distinguishable from, and warrants a different analysis than, the injury at issue in *Clapper*.  568 U.S. at 401.  As this Court observed in *Curling*, there is no comparison between the "hypothetical fear of being subject to surveillance" and the injury suffered by a plaintiff "from the voluntary exercise of their *fundamental right to vote*."  2018 WL 4625653, at *7.  Unlike that voluntary exercise of a fundamental right, the activities in the center of *Clapper* did not "invoke the protection associated with exercising fundamental rights, such as the right to vote."  *Id.*  To hold otherwise, the court found, "would bar many voting rights cases."  *Id.*  Moreover, following

---

[2] Defendant suggests that Plaintiff must identify a member whose voter information has been manipulated.  Defendant is in exclusive possession of the provisional ballot information and the voter file at this time.  Despite this limitation, Plaintiff has located, through its constituency network, Georgia voters who were impacted by registration and provisional balloting issues in this election.  *See* Declaration of Jordan Barry ¶¶ 3–4 (ECF No. 36); Declaration of India Owens (ECF No. 31) ¶¶ 5–6.

*Clapper*, the Supreme Court expressly acknowledged in a unanimous opinion that "[a]n allegation of future injury may suffice if the threatened injury is 'certainly impending,' *or* there is a 'substantial risk that the harm will occur.'" *Susan B. Anthony List* v. *Driehaus*, 573 U.S. 149, 134 (2014) (emphasis added). In this case, the cybersecurity vulnerabilities that Mr. Kemp recklessly failed to address created at least a substantial risk that voters' eligibility to cast a ballot would be improperly adjudicated and their votes improperly counted.

Finally, Defendant's claim that he cannot redress Plaintiff's injury "fails, because Defendant Kemp is the state official in charge of interpreting and enforcing Georgia's election laws." *Grizzle* v. *Kemp*, No. 4:10-CV-0007-HLM, 2010 WL 11519159, at *8 (N.D. Ga. Mar. 15, 2010); *see also Grizzle* v. *Kemp*, 634 F.3d 1314, 1316 (11th Cir. 2011) ("As the Secretary of State is the chairperson of the State Election Board and the State Election Board is charged with enforcing Georgia's election code under state law…."). Given his role as the chief election official of the state, a ruling by the Court directed at Defendant can redress Plaintiff's injuries.

For the foregoing reasons, Plaintiff respectfully submits that it has standing to bring this action.

This 9th day of November, 2018.

DLA PIPER LLP

By:   /s/ Christopher Campbell

Christopher G. Campbell
One Atlantic Center
1201 West Peachtree Street, Suite 2800
Atlanta, GA 30309-3450
(404) 736-7808
christopher.campbell@dlapiper.com


PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Robert A. Atkins
(*pro hac vice* application pending)
NY Bar No. 2210771
Farrah R. Berse
(*pro hac vice* application pending)
NY Bar No. 4129706
Makiko Hiromi
(*pro hac vice* application pending)
NY Bar No. 5376165
William E. Freeland
(*pro hac vice* application pending)
NY Bar No. 5450648
Melina M. Meneguin Layerenza
(*pro hac vice* application pending)
NY Bar No. 5559240
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
ratkins@paulweiss.com
fberse@paulweiss.com
mhiromi@paulweiss.com
wfreeland@paulweiss.com
mmeneguin@paulweiss.com

BRENNAN CENTER FOR JUSTICE AT NEW YORK
UNIVERSITY SCHOOL OF LAW
      Myrna Pérez
            (*pro hac vice*)
            NY Bar No. 4874095
      Lawrence D. Norden
            (*pro hac vice* pending)
            NY Bar No. 2881464
      Wendy R. Weiser
            (*pro hac vice* pending)
            NY Bar No. 2919595
      Maximillian Feldman
            (*pro hac vice* pending)
            NY Bar No. 5237276
      120 Broadway, Suite 1750
      New York, NY 10271
      (646) 292-8310
      perezm@brennan.law.nyu.edu
      nordenl@brennan.law.nyu.edu
      weiserw@brennan.law.nyu.edu
      feldmanm@brennan.law.nyu.edu

      *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing PLAINTIFF'S MEMORANDUM OF LAW REGARDING STANDING IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER was prepared double-spaced in 14-point Times New Roman pursuant to Local Rule 5.1(C), and is in compliance with the 25 page length limitation set forth in Local Rule 7.1(D).

*/s/ Christopher Campbell*
Christopher G. Campbell
DLA Piper LLP

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2018, I served the within and foregoing PLAINTIFF'S MEMORANDUM OF LAW REGARDING STANDING IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to this matter via electronic notification or otherwise.

This 9th day of November, 2018.

*/s/ Christopher Campbell*
Christopher G. Campbell
DLA Piper LLP