IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COMMON CAUSE GEORGIA, as an organization, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIAN KEMP, in his official capacity as Secretary of State of Georgia,[1] )<br>)<br>Defendant. ) | Civil Action<br><br>File No. 1:18-CV-05102-AT |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY**

At 4:09 am this morning, Plaintiff filed a brief that addresses some of Defendant's arguments. Defendant files this short Reply Brief in Support of its Opposition to Plaintiff's Motion for a Temporary Restraining Order and Expedited Discovery. Prior to the evidentiary hearing before this Court, there were ample grounds to deny Plaintiff's Motion for a Temporary Restraining Order and Expedited Discovery. At the evidentiary hearing, undisputed evidence showed that (1) no voter database has been "hacked" or improperly accessed; and (2) the total

---

[1] Defendant Kemp resigned from his position as Secretary of State, which will be effective later today. Governor Deal has appointed Robyn A. Crittenden as the new Secretary of State for the State of Georgia.

amount of provisional ballots cast, much less those that have the "PR" code, will not impact the outcome of any state election in the slightest. Thus, it became clear that, whatever the merits of Plaintiff's claim may be overall, Plaintiff has simply failed to meet its burden to justify immediate and extraordinary relief of an injunction of a statewide election.

Importantly, the issues facing this Court on a final hearing on the merits are quite different from those presented by Plaintiff's Motion for Temporary Restraining Order ("Plaintiff's Motion"). The complaint could be interpreted as challenging Georgia's provisional voting system as a whole, but Plaintiff's Motion does not. Plaintiff's Motion does not call into question the provisional voting system, the acts of poll workers or of county boards of registrars, or the availability of provisional ballots at polling locations. Rather, and as confirmed by the Court's questioning of Plaintiff's counsel at the conclusion of the evidence, Plaintiff's Motion rests on the theory that (1) some unknown third party may have hacked into Georgia's election database; (2) that person may have tampered with the database to cause someone to cast a provisional ballot; and (3) that provisional ballot may not be counted through no fault of the actual voter.

Plaintiff put forth zero evidence to demonstrate any of this. Not only did Defendant's evidence directly refute these allegations, but Plaintiff also failed to

secure the testimony – in or out of court – of any person whose provisional ballot was improperly discarded **as a result of an unauthorized change in the state's database**.  Federal law requires more to obtain a temporary restraining order. Clapper v. Amnesty Int'l., USA, 568 U.S. 398, 413 (concluding no standing where the plaintiff could "only speculate" as to an injury).

## ARGUMENT AND CITATION TO AUTHORITY

No one disputes that Plaintiff bears the burden of demonstrating that it is entitled to immediate injunctive relief.  In the Eleventh Circuit, Plaintiff's burden is significant: "'[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant **clearly established** the 'burden of persuasion.'"  McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (emphasis added) (citing All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir.1989)).

In election cases, this burden is even higher.  The Supreme Court has held that federal courts must use their discretion to deny injunctions that work a "chaotic and disruptive effect upon the electoral process," because they are not in the public interest. See Fishman v. Schaffer, 429 U.S. 1325, 1330 (1976); see also Benisek v. Lamone, ___ U.S. ___, 138 S. Ct. 1942, 1945 (2018). There is a significant public interest in ensuring orderly elections and the purpose of a

preliminary injunction is to preserve the status quo—not to rewrite a statute on the eve of an election. Purcell v. Gonzales, 549 U.S. 1, 4-5 (2006); Benisek, 138 S.Ct. at 1945.

Plaintiff has failed to meet its burden for the temporary restraining order for several reasons. First, there is no immediate and irreparable harm. The testimony is undisputed that the number of outstanding provisional ballots – the only ballots at issue in Plaintiff's Complaint and Plaintiff's Motion – will not impact the outcome of the Governor's race, which is the closest of the state-wide elections that are not headed into a runoff.[2] Plaintiff counters this by arguing that every vote counts, and that the denial of a right to vote constitutes immediate and irreparable harm. Secretary Crittenden agrees that the denial of a right to vote is a wrong, but the law of the Eleventh Circuit is clear: every constitutional deprivation, even in election cases, does not warrant the extraordinary relief of an injunction. Siegel v. LePore, 234 F.3d 1163, 1177 (11th Cir. 2000) (affirming the denial of a preliminary injunction in the 2000 Presidential election).

The fact that an injunction mathematically cannot change the outcome of the election also precludes Plaintiff from demonstrating that an injunction would be in the public interest. The Supreme Court has specifically imposed high burdens on

---

[2] The Court heard testimony that a statewide runoff is likely for two statewide offices: (1) Secretary of State; and (2) a seat on the Public Service Commission.

parties seeking to enjoin election certifications given the strong public interest in concluding elections.  See Fishman, 429 U.S. at 1330.  That is even more true here where there is uncontested evidence that a delay caused by an injunction would burden Georgia's 159 counties as they prepare absentee and overseas ballots and allow for early voting if the November 6 election could not be certified before November 20, 2018.  Indeed, delays in the ballot process could lead to additional and further litigation challenging the runoff election.  Weighing these disruptions against the status of votes that will not impact any election is not a close call.

Second, there is no evidence of a cognizable injury in fact.  Plaintiff's affidavits and declarations fail to show:

- Any actual breach of the MVP voter system;
- Any actual breach of Georgia's voter registration database – Enet;
- Any actual breach of Georgia's other election database(s);
- Any credible evidence of a breach of any of Georgia's election databases;
- Any person was improperly required to vote with a provisional ballot;
- Any person that was entitled to a provisional ballot was denied a provisional ballot; or

- Any provisional ballot cast in the State of Georgia was improperly discounted.

As the party seeking the injunction, Plaintiff bore the burden of demonstrating these facts, and Secretary Crittenden is not required to disprove Plaintiff's theory. Powers v. Sec'y, Fla. Dep't of Corr., 691 Fed. Appx. 581, 583 (11th Cir. 2017). Plaintiff failed to meet this threshold requirement at this stage of the litigation, and its request for an injunction on the certification of the general election until Plaintiff can review those provisional ballots coded "PR" should be denied.[3]

Respectfully submitted this 9th Day of November 2018.

>Christopher M. Carr
>Attorney General
>Georgia Bar No. 112505
>
>Dennis R. Dunn
>Deputy Attorney General
>Georgia Bar No. 234098
>
>Russell D. Willard
>Senior Assistant Attorney General
>Georgia Bar No. 760280

---

[3] To the extent that Plaintiff continues to rely on its diversion of resources as its alleged injury-in-fact, Plaintiff's Motion should still be denied.  Plaintiff's own evidence indicated that it intended to work polling locations regardless of its unsubstantiated fears about Georgia's election data base.  (Henderson Aff. ¶ 8(c); Dkt. 29.)  Indeed, Plaintiff's worked a "command center" with other Georgia advocacy organizations.  (Id. at ¶ 16-17.)  This is consistent with Plaintiff's mission and does not burden it whatsoever.

State Law Department
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Telephone: (404) 656-3357

*/s/ Josh B. Belinfante*
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com

Ryan Teague
Georgia Bar No. 701321
rteague@robbinsfirm.com


Kimberly Anderson
Georgia Bar No. 602807
kanderson@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, NW
Atlanta, GA 30318
Telephone: (678) 701-9381

Bryan P. Tyson
Georgia Bar No. 515411
Special Assistant Attorney General
STRICKLAND BROCKINGTON
  LEWIS LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street NE
Atlanta, GA 30309
678-347-2200

Special Assistant Attorneys General

*Attorneys for Defendant*

## L.R. 7.1(D) CERTIFICATION

I certify that this Brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Brief has been prepared using 14-pt Times New Roman Font.

*/s/ Josh B. Belinfante*
Josh Belinfante
Georgia Bar No. 047399

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY** with the Clerk of Court using the CM/ECF system, which automatically sent counsel of record e-mail notification of such filing.

This 9th day of November, 2018.

*/s/ Josh Belinfante*