IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COMMON CAUSE GEORGIA, as an organization, ) ) ) Plaintiff, ) ) v. ) ) BRIAN KEMP, in his official capacity as Secretary of State of Georgia,[1] ) ) ) Defendant. ) | Civil Action<br><br>File No. 1:18-CV-05102-AT |

**DEFENDANT'S MOTION TO STRIKE THE DECLARATIONS OF MICHAEL MCDONALD [DOC. 46], EDGARDO CORTÉS [DOC. 48] AND KEVIN MORRIS [DOC. 50]**

COMES NOW, Defendant Robyn Crittenden and files this Motion to Strike the Declarations of Michael McDonald [Doc. 46], Edgardo Cortés [Doc. 48] and Kevin Morris [Doc. 50] (collectively "the Declarations") and all referenced exhibits for failure to comply with the specific instructions of the Court's Order directing Plaintiff to file an affidavit from a qualified statistician "based on the election data provided by Defendant in the Affidavit of Chris Harvey." [Doc. 41.]

---

[1] Defendant Kemp resigned from his position as Secretary of State, effective yesterday. Governor Deal has appointed Robyn A. Crittenden as the new Secretary of State for the State of Georgia.

-2-

Plaintiff ignored this clear instruction and its strategic decision renders the contents of the Declarations irrelevant to the case at hand. The Declarations are clear that, contrary to this Court's directive, they are based on either independently obtained data or a combination of data from Mr. Harvey and other sources. [See Doc. 46 at 2; Doc. 48 at ¶¶ 5, 14; Doc. 50 at ¶ 4.] This is not what the Court ordered.

Plaintiff bears the burden of providing evidence sufficient to warrant the imposition of extraordinary relief. It failed to do so at the hearing. When this Court gave it another opportunity, Plaintiff failed to follow this Court's limiting instruction. This Court should disregard the latest set of declarations and strike them from the record.

## Argument and Citation to Authority

"The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017). "A motion to strike will be granted if the disputed matter is **irrelevant** under any state of facts which could be

proved in support of the claims being advanced." *Allen v. Life Ins. Co. of N. Am.*, 267 F.R.D. 407, 410 (N.D. Ga. 2009) (quotations omitted) (emphasis added).

The Court's directions were clear that the data from which a qualified statistician could draw their conclusions was limited to the data presented at the hearing on November 8, 2018:

> ORDER: The Court DIRECTS Plaintiff to file an affidavit from a qualified statistician, NO LATER THAN 3:00 PM TODAY, **based on the election data provided by Defendant in the Affidavit of Chris Harvey**, regarding whether or not there is a statistically significant increase in the percentage of provisional ballots cast, relative to the total number of ballots cast, as follows: (a) between the 2018 election and the 2016 election; and (b) between the 2018 election and the 2014 election. Defendant may also submit an affidavit NO LATER THAN 3:00 PM TODAY. Signed by Judge Amy Totenberg on 11/9/19. (hfm)

[Doc. No. 41] (emphasis added).  Each declaration filed by Plaintiff considered not only the data provided by Mr. Harvey, but also its own data in order for the Declarants to reach Plaintiff's desired conclusions.  Specifically, Mr. McDonald "analyze[d] a spreadsheet called 'annual_prov_ballots.csv' provided…by Plaintiff's counsel, which **contains** data produced by the Georgia Secretary of State's office in Exhibit A to the Declaration of Chris Harvey (Doc. 33), **and** on the Secretary of State's website." [Doc. 46 at 2.]

Mr. Cortés took a similar approach. He opined for several paragraphs (without any data analysis whatsoever) on why there could be mistakes in the provisional ballot tallies as well as the overall vote reporting in the State of Georgia. (*See* Doc. 48 at ¶¶ 4-6.) Mr. Cortés cites to the "unofficial results page" on the Georgia Secretary of State's website and the "unofficial results page for Fulton County" on the Georgia Secretary of State's website but fails to rely on the Harvey data to reach his conclusion that "uncounted provisional ballots could prove pivotal in determining whether the contest for governor…might be forced into a runoff." (Doc. 48 at ¶ 3.)

Finally, Mr. Morris admits that, contrary to the Court's directive to solely use the Harvey data, he combined data for the other declarants to help them reach their opinion.[2] [Doc. 50 at ¶ 4.] He also based his opinions on what "his colleague, Myrna Pérez, told" him about the presentation of evidence at the hearing. [Doc. 50 at ¶ 7.] Finally, Mr. Morris admits that the source of the combination of data is not limited to the Secretary of State's office – whether through Mr. Harvey's declaration or its website – but "press reports." [Doc. 50 at ¶

---

[2] Mr. Morris's employment at the Brennan Center, which represents Plaintiff, clearly calls into question his ability to render an objective, nonbiased opinion. Despite his employer being present at the hearing on November 8, 2018, Mr. Morris was not present and did not present his opinion testimony, preventing Defendant from cross-examination.

8.] This "combination" of data goes in direct contradiction to this Court's order, and as such, it should be stricken from the record and not considered.

## CONCLUSION

For the reasons set forth herein above, Defendant respectfully requests that the Court grant this Motion to Strike the Declarations filed by Michael McDonald [Doc. 46], Edgardo Cortés [Doc. 48] and Kevin Morris [Doc. 50] as immaterial.

Respectfully submitted this 9th Day of November 2018.

>Christopher M. Carr
>Attorney General
>Georgia Bar No. 112505
>
>Dennis R. Dunn
>Deputy Attorney General
>Georgia Bar No. 234098
>
>Russell D. Willard
>Senior Assistant Attorney General
>Georgia Bar No. 760280
>
>State Law Department
>40 Capitol Square, S.W.
>Atlanta, Georgia 30334
>Telephone: (404) 656-3357
>
>*/s/ Josh B. Belinfante*
>Josh Belinfante
>Georgia Bar No. 047399
>jbelinfante@robbinsfirm.com

Ryan Teague
Georgia Bar No. 701321
rteague@robbinsfirm.com


Kimberly Anderson
Georgia Bar No. 602807
kanderson@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, NW
Atlanta, GA 30318
Telephone: (678) 701-9381

Bryan P. Tyson
Georgia Bar No. 515411
Special Assistant Attorney General
STRICKLAND BROCKINGTON
  LEWIS LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street NE
Atlanta, GA 30309
678-347-2200

Special Assistant Attorneys General

*Attorneys for Defendant*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Motion has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Motion has been prepared using 14-pt Times New Roman Font.

*/s/ Josh B. Belinfante*
Josh Belinfante
Georgia Bar No. 047399

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the within and foregoing **DEFENDANT'S MOTION TO STRIKE THE DECLARATIONS OF MICHAEL MCDONALD [DOC. 46], EDGARDO CORTÉS [DOC. 48] AND KEVIN MORRIS [DOC. 50]** with the Clerk of Court using the CM/ECF system, which automatically sent counsel of record e-mail notification of such filing.

This 9th day of November, 2018.

*/s/ Josh Belinfante*