IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| COMMON CAUSE GEORGIA, as an organization, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:18-cv-5102-AT |
| ROBYN CRITTENDEN, in her official capacity as Secretary of State of Georgia, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Court takes notice that the Gwinnett County Board of Registrars determined on the afternoon of November 13, 2018 that it would go into recess and issue its certification of the vote at its meeting to be held on Thursday, November 15, 2018 at 5:00 p.m.[1]  The Court recognizes that this recess and delay may have been adopted in whole or in part to effectuate the terms of Judge May's November 13, 2018 Order addressing absentee ballots entered in *Martin, et. al v. Crittenden,* Civil Action No. 1:17-cv-2989-LMM (N.D. Ga.), in the extended period allowed by her Order.

---

[1] *See* https://www.ajc.com/news/local-govt--politics/gwinnett-getting-ready-count-provisional-ballots/doLeXVB1mQjmwDMLxFXbBL/ (Website last visited on November 13, 2018.)  The Court takes notice that Gwinnett counsel referenced some form of this delay in the voting case before Judge Jones on the afternoon of November 13, 2018 in *Democratic Party of Georgia, et al. v. Crittenden et al.*, Civil Action No. 1:17-cv-5181-SCJ (N.D. Ga.).

In light of the Gwinnett County Board of Registrars' delay in certification and Gwinnett's high volume of provisional ballots cast[2], the Court must consider the ramifications of this certification delay on the remedial relief directed in its Order of November 12, 2018.  The certification delay would effectively nullify the remedy directed by the Court because it would leave no time for implementation of the additional review and correction of the vote count of the PR coded provisional ballots, the Court **ORDERS** the following: Defendant **SHALL NO LATER THAN NOON TODAY** direct the Gwinnett Board of Registrars to:  (1) proceed immediately to implement the supplemental review and relief process for PR coded provisional ballots ordered by the Court in Paragraph (2)(i) of its November 12, 2018 Order; (2) undertake all good faith efforts to verify the eligibility of any PR coded provisional ballot voters[3] who have presented documentation of their registration status after the election through 2:00 p.m. on November 15, 2018, considering any information brought forth by voters as to their eligibility and all other information accessible to the Board of Registrars as to their registration status; and (3) add to the vote count to be certified all votes in those PR coded provisional ballots that are approved after this supplemental review (and any others previously approved), consistent with this Court's November 12, 2018 Order.

---

[2]  Gwinnett County had 2,427 provisional ballots as of the last count provided in Def. Hearing Ex. 1, prior to unavailable subsequent updated counts.
[3]  Or voters' counsel.

The Court **SHALL** hold a telephone conference with counsel regarding the status of implementation of the remedy directed in the November 12, 2018 Order **TODAY AT 12:30 PM** and whether all counties that have submitted vote certifications have been transmitted the directive identified in the Order.[4] Defendant is authorized to invite counsel for Gwinnett County to participate in this call.

Counsel are **DIRECTED** to contact the Court's deputy clerk, Harry Martin, to provide a proposed conference call telephone call-in number no later than 10:00 A.M.[5] The Clerk is **DIRECTED** to send a copy of this Order as well as its Order of November 12, 2018 to counsel of record for the Gwinnett County Board of Registrars (or Gwinnett County or the County itself who are appearing in *Martin, et. al v. Crittenden,* Civil Action No. 1:17-cv-2989-LMM (N.D. Ga)).

**IT IS SO ORDERED** this 14th day of November, 2018.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

---

[4] Additionally, some representations made by Defendant's counsel at the hearing before Judge Jones appear to suggest that Defendant may have a misunderstanding of the provisions of this Court's Order and whether the review required by the Court can have any impact on the counting of the PR provisional ballots or if supplemental voter provided information should be considered if provided after November 11, 2018.  The Court recognizes that different counsel represented the Defendant in the case before Judge Jones. But Mr. Tyson and Mr. Belinfante, who are Defendant's lead counsel in this case, appeared before Judge Jones in their capacities as counsel for Gwinnett County and the Republican Party, respectively.  In light of the discussion in the hearing before Judge Jones, the Court believes it is appropriate to review these issues with counsel.

[5]  Mr. Martin will thereafter confirm the details of the call.