IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NORTHERN DIVISION

| | | |
|---|---|---|
| COMMON CAUSE OF GEORGIA,<br>As an organization | : | |
| | : | |
| Plaintiff, | : | Civil Action No.<br>1:18-cv-5102-AT |
| | : | |
| v. | : | |
| | : | |
| ROBYN CRITTENDEN, in her<br>Official capacity as Acting Secretary<br>Of State of Georgia, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF INVESTIGATIVE REPORTER GREG PALAST
TO FILE AN AMICUS BRIEF IN SUPPORT OF PLAINTIFF**

In *Chavez v. Credit Nation Auto Sales, Inc.,* 2014 U.S. Dist. LEXIS 199641, the Court had the opportunity to address the acceptance of amicus briefs in the District Court. The Court decided it had the discretion to accept such briefs even though there are no rules governing the acceptance of briefs by District Court Judges. The Court noted:

> "While *Federal Rule of Appellate Procedure 29* and *Supreme Court Rule 37* provide for the filing of *amicus curiae briefs*, the Federal Rules of Civil Procedure lack a parallel provision regulating *amicus* appearances at the trial level." *Resort Timeshare Resales, Inc. v. Stuart, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991)*; *see also DeJulio v. Georgia,*

*127 F. Supp. 2d 1274, 1284 (N.D. Ga. 2001), rev'd on other grounds, 276 F.3d 1244 (11th Cir. 2001)* (explaining that there is "no parallel provision in the Federal Rules of Civil Procedure or this *Court*'s Local Rules to regulate the filing of an *amicus brief* in this District *Court*."). Nevertheless, "[it] is well-settled that a district *court* has *broad discretion* to grant the request of a nonparty to file an *amicus brief*." [*7] *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv., 2:10-CV-106-FTM-SPC, 2010 U.S. Dist. LEXIS 94003, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010)*; see also *News & Sun-Sentinel Co. v. Cox, 700 F. Supp. 30, 31 (S.D. Fla. 1988)* ("Inasmuch as an *amicus* is not a party and 'does not represent the parties but participates only for the benefit of the *court*, it is solely within the *discretion* of the *court* to determine the fact, extent, and manner of participation by the *amicus*.'") (quotation omitted); *Resort, 764 F. Supp. at 1500-01* ("The district *court* has the inherent authority to appoint amici curiae, or 'friends of the *court*,' to assist it in a proceeding.") (footnote omitted).

In determining whether to accept such a brief, the district *court* should consider "whether the *brief* will assist the *judges* by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' *briefs*." *Voices for Choices v. Illinois Bell Tel. Co., 339 F.3d 542, 545 (7th Cir. 2003)*; see also *Johnson v. United States OPM, 14-C-0009, 2014 U.S. Dist. LEXIS 60404, 2014 WL 1681691, at *1 (E.D. Wis. Apr. 28, 2014)* ("[T]he criterion for deciding whether to *accept* a *brief* should be the same for any would-be amici: 'whether the *brief* will assist the *judge*[ ] by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' *briefs*.'") (quoting *Voices, 339 F.3d at 545*); *Commonwealth of the N. Mariana Islands v. U.S, Civil Action No. 08-1572(PLF), 2009 U.S. Dist. LEXIS 125427, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009)* (same). Although a Court may look to whether a party is inadequately

represented that is not dispositive. In this case the Plaintiff is assuredly very well represented however the Plaintiff is not fully privy to information which your Amicus hopes to bring to this Court's attention.

In *Chavez supra*, the Court after reviewing the briefs at issue determined that they assisted the Court by providing information that was helpful to determining the issues in the case and granted the motions of the Amici therein.

Similarly, you Amicus seeks an order allowing him to file the attached proposed Amicus Brief for consideration of the matters before the Court.

                                                Respectfully submitted,

                                                S/G. Brian Spears
                                                GA Bar # 670113
                                                Attorney for Greg Palast

1126 Ponce de Leon
Atlanta, GA 30306
(404) 872-7086
bspears@mindspring.com

                                                Jeanne Mirer
                                                NY Bar #4546677
                                                Pro hac vice for case 18-cv-5102-AT
                                                Attorney for Greg Palast

Mirer, Mazzocchi & Julien PLLC

150 Broadway, Twelfth Floor
New York, NY 10038
Tel: 212-231-2235
jmirer@mmsjlaw.com