IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COMMON CAUSE GEORGIA, as an organization, ) ) ) Plaintiff, ) ) ) v. ) ) ROBYN CRITTENDEN, in her official capacity as Secretary of State of Georgia,[1] ) ) ) Defendant. ) | Civil Action<br><br>File No. 1:18-CV-05102-AT |

## ANSWER TO COMMON CAUSE GEORGIA'S COMPLAINT

### General Defenses

### First Defense

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

---

[1] Plaintiff originally sued Brian Kemp in his official capacity as Secretary of State. Former Secretary Kemp resigned from his position as Secretary of State after this lawsuit was filed and Governor Deal appointed Robyn A. Crittenden as the new Secretary of State for the State of Georgia. Secretary Crittenden is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

## Second Defense

Defendant denies that Plaintiff or its members have been subjected to the deprivation of any right, privilege, or immunities under the Constitution or laws of the United States.

## Third Defense

Plaintiff's Complaint fails to name parties necessary for the relief it seeks.

## Fourth Defense

Plaintiff's Complaint fails because it does not state with particularity the circumstances it alleges constitute fraud.

## Fifth Defense

Plaintiff lacks standing to assert the claims contained in its Complaint.

## Sixth Defense

Plaintiff's claims in Counts IV and V of its Complaint are barred by the Eleventh Amendment.

## **Specific Responses**

For her Answer to Common Cause Georgia's Complaint, Defendant Robyn Crittenden, in her official capacity as Secretary of State of Georgia, states as follows:

1. Paragraph 1 of the Complaint contains legal argument and introductory language that does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1.
2. Paragraph 2 of the Complaint contains legal argument that does not require a response. To the extent a response is required, Defendant states that the cited statutes speak for themselves.
3. In response to Paragraph 3 of the Complaint, Defendant admits the allegations therein.
4. In response to Paragraph 4 of the Complaint, Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations and therefore denies the same.
5. In response to Paragraph 5 of the Complaint, Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Defendant further denies that her actions with respect to the voter registration database will have any impact on the work of Common Cause Georgia.
6. In response to Paragraph 6 of the Complaint, Defendant states that Secretary of State Crittenden is the chief election officer for the State of

Georgia and her duties are outlined in O.C.G.A. § 21-2-50. Defendant denies all remaining allegations in paragraph 6.

7. In response to Paragraph 7 of the Complaint, Defendant admits that the My Voter Page is a website where voters can check their voter registration status, poll locations, and view sample ballots for elections. Defendant denies the remaining allegations of Paragraph 7.

8. In response to Paragraph 8 of the Complaint, Defendant admits that she is responsible for the security of the state voter registration database. Defendant denies the remaining allegations of Paragraph 8.

9. In response to Paragraph 9 of the Complaint, Defendant denies the allegations therein.

10. In response to Paragraph 10 of the Complaint, Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Defendant specifically denies any alleged vulnerability to the manipulation of voters' registration status.

11. In response to Paragraph 11 of the Complaint, Defendant denies the allegations therein.

12. In response to Paragraph 12 of the Complaint, Defendant admits that some voters will report that they have been assigned to an incorrect precinct, are issued the wrong ballot, or do not show up in poll books. Defendant denies the remaining allegations of Paragraph 12.

13. In response to Paragraph 13 of the Complaint, Defendant denies the allegations therein.

14. In response to Paragraph 14 of the Complaint, Defendant denies the allegations therein.

15. In response to Paragraph 15 of the Complaint, Defendant admits that an employee sent CDs containing personally identifiable information to twelve organizations. Defendant admits that it confirmed through a physical and forensic examination that all voter information remained safe and secure and engaged in a review of security procedures. Defendant denies the remaining allegations of Paragraph 15.

16. In response to Paragraph 16 of the Complaint, Defendant denies the allegations therein.

17. In response to Paragraph 17 of the Complaint, Defendant admits that it was reported that the former Secretary of State rejected the federal government's assistance but denies that those reports were completely

accurate characterizations. Defendant works regularly with the federal government and has accepted their assistance on multiple fronts. Defendant admits that the former Secretary of State stated in an interview in August 2016, "It seems like now it's just the D.C. media and the bureaucrats, because of the DNC getting hacked — they now think our whole system is on the verge of disaster because some Russian's going to tap into the voting system. And that's just not — I mean, anything is possible, but it is not probable at all, the way our systems are set up." Defendant denies the remaining allegations of Paragraph 17.

18. In response to Paragraph 18 of the Complaint, Defendant denies the allegations therein.

19. In response to Paragraph 19 of the Complaint, Defendant denies the allegations therein.

20. In response to Paragraph 20 of the Complaint, Defendant denies the allegations therein..

21. In response to Paragraph 21 of the Complaint, Defendant admits that the Secretary of State's office disclosed attempted unauthorized access to the MVP system by a person who, according to the best information

available at the time, was a volunteer for the Democratic Party of Georgia. Defendant denies the remaining allegations of Paragraph 21.

22. In response to Paragraph 22 of the Complaint, Defendant admits that David Cross called John Salter on Saturday, November 3, 2018. Defendant denies that the message was sufficient to put Defendant on notice of potential vulnerabilities. Upon information and belief, Defendant admits that David Cross reached out to the FBI but does not have sufficient knowledge to form a belief as to whether that communication was sufficient to put them on notice of a potential vulnerability. Defendant is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and therefore denies the same.

23. In response to Paragraph 23 of the Complaint, Defendant admits that Bruce Brown forwarded an email to counsel for Defendant on Saturday, November 3, 2018. Defendant denies that the message was sent "in confidence… so that something could be done about it without exposing the vulnerability to the public." Defendant admits that the attachment that Bruce Brown sent put Defendant on notice of attempted intrusions

into the MVP system. Defendant denies the remaining allegations of Paragraph 23.

24. In response to Paragraph 24 of the Complaint, Defendant admits that Sarah Ghazal, Voter Protection Director for the Democratic Party of Georgia, received an email at 11:18 a.m. on Saturday, November 3rd showing attempted unauthorized intrusion into the state's MVP system from a volunteer with the Democratic Party of Georgia. Defendant further admits that Ms. Ghazal forwarded that email to two professors at Georgia Tech at 11:43 a.m. that same day and characterized the attempts as "a massive vulnerability." Defendant further admits that Ms. Ghazal did not say anything about this issue to the Secretary of State's office despite communicating with Chris Harvey, Elections Director at the Secretary of State's office, at least three times that same day after she had forwarded the email. Defendant denies that either of the Georgia Tech professors notified Georgia officials of the issue. Defendant denies the remaining allegations of Paragraph 24.

25. In response to Paragraph 25 of the Complaint, Defendant admits that the Secretary of State's office issued a press release that is quoted in

-9-

Paragraph 25. Defendant denies the remaining allegations of Paragraph 25.

26. In response to Paragraph 26 of the Complaint, Defendant admits the allegations contained therein.

27. In response to Paragraph 27 of the Complaint, Defendant admits that Candice Broce was quoted accurately in the cited article when she stated "Our position is that these were failed attempts to hack the system. All the evidence indicates that, and we're still looking into it." Defendant is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 and therefore denies the same.

28. In response to Paragraph 28 of the Complaint, Defendant denies the allegations contained therein.

29. In response to Paragraph 29 of the Complaint, Defendant denies the allegations therein.

30. In response to Paragraph 30 of the Complaint, Defendant denies the allegations therein.

31. In response to Paragraph 31 of the Complaint, Defendant denies the allegations therein.

32. No response is required to Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint is a legal conclusion to which no response is required. Defendant states that the Fourteenth Amendment speaks for itself.

34. In response to Paragraph 34 of the Complaint, Defendant denies the allegations therein.

35. In response to Paragraph 35 of the Complaint, Defendant denies the allegations therein.

36. In response to Paragraph 36 of the Complaint, Defendant denies the allegations therein.

37. In response to Paragraph 37 of the Complaint, Defendant denies the allegations therein.

38. In response to Paragraph 38 of the Complaint, Defendant denies the allegations therein.

39. No response is required to Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions to which no response is required.

41. In response to Paragraph 41 of the Complaint, Defendant denies the allegations therein.

42. In response to Paragraph 42 of the Complaint, Defendant denies the allegations therein.

43. In response to Paragraph 43 of the Complaint, Defendant denies the allegations therein.

44. In response to Paragraph 44 of the Complaint, Defendant denies the allegations therein.

45. No response is required to Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint contains legal conclusions to which no response is required. Defendant further states that the Help America Vote Act speaks for itself.

47. In response to Paragraph 47 of the Complaint, Defendant denies the allegations therein.

48. No response is needed to Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint contains legal conclusions for which no response is required. The Georgia Constitution speaks for itself.

50. In response to Paragraph 50 of the Complaint, Defendant denies the allegations therein.

51. In response to Paragraph 51 of the Complaint, Defendant denies the allegations therein.

52. No response is required to Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions for which no response is required. The Official Code of Georgia speaks for itself.

54. In response to Paragraph 54 of the Complaint, Defendant denies the allegations therein.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that there is a statistically significant increase in the percentage of provisional ballots cast and denies that Plaintiff is entitled to any or all of the requested relief.

All other factual averments, legal conclusions or claims for relief not expressly admitted are denied.

WHEREFORE, having answered Plaintiff's Complaint and stated defenses and objections, Defendant respectfully requests that Plaintiff's claims be dismissed, Plaintiff's prayers for relief be denied in each and every particular with all costs taxed to the Plaintiff, and Defendant be granted such other relief as this Court may deem just and proper.

Respectfully submitted this 28th day of November 2018.

                        Christopher M. Carr
                        Attorney General
                        Georgia Bar No. 112505
                        Annette M. Cowart

Deputy Attorney General
Georgia Bar No. 191199
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
State Law Department
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Telephone: (404) 656-3357

Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Ryan Teague
Georgia Bar No. 701321
rteague@robbinsfirm.com
Kimberly Anderson
Georgia Bar No. 602807
kanderson@robbinsfirm.com
Special Assistant Attorneys General
Robbins Ross Alloy Belinfante Littlefield LLC
999 Peachtree Street, N.E., Suite 1120
Atlanta, GA 30309
Telephone: (678) 701-9381

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
Special Assistant Attorney General
STRICKLAND BROCKINGTON
  LEWIS LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street NE
Atlanta, GA 30309
678-347-2200

*Attorneys for Defendant*

## L.R. 7.1(D) CERTIFICATION

I certify that this Answer has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Answer has been prepared using 14-pt Times New Roman Font.

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411

-15-

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the within and foregoing **DEFENDANT'S ANSWER TO COMMON CAUSE GEORGIA'S COMPLAINT** with the Clerk of Court using the CM/ECF system, which automatically sent counsel of record e-mail notification of such filing.

This 28th day of November, 2018.

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411