IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COMMON CAUSE GEORGIA, as an organization,<br><br>*Plaintiff*,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia<br><br>*Defendant*. | Case No. 18-cv-05102-AT |

## JOINT STIPULATION OF DISMISSAL

COME NOW Plaintiff Common Cause Georgia and Defendant Brad Raffensperger (the "Parties) and hereby jointly stipulate that the above-captioned action be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

Plaintiff filed the instant lawsuit on November 5, 2018, alleging that security issues with the state's voter registration system, combined with certain statements

made by then-Secretary of State Brian Kemp and the state's provisional ballot-counting procedures, caused Plaintiff constitutional and statutory injury. Defendant maintained that Plaintiff was entitled to no relief and that there was no evidence of any security issues with the state's election systems. On November 12, 2018, this Court entered a Temporary Restraining Order and ordered expedited discovery of certain information related to provisional ballots.

On April 2, 2019, HB 316 (Act 24) was signed into law. This bill amends the state's provisional ballot counting laws in ways that are relevant to this case. Specifically, Section 37 of HB 316, provides: "At the earliest time possible after the casting of a provisional ballot, the election superintendent shall notify the Secretary of State that an elector cast a provisional ballot, whether such ballot was counted, and, if such ballot was not counted, the reason why such ballot was not counted."

Section 38 of HB 316 requires that county officials' determination as to whether a person casting a provisional ballot was eligible to vote

> include a review of all available voter registration documentation, including registration information made available by the electors themselves and documentation of modifications or alterations of registration data showing changes to an elector's registration status. Additional sources of information may include, but are not limited to, information from the Department of Driver Services, Department of Family and Children Services, Department of Natural Resources,

> public libraries, or any other agency of government including, but not limited to, other county election and registration offices.

This section also adds a requirement that county elections officials notify certain provisional voters whose ballots were not counted "[a]t the earliest time possible after a determination is made regarding a provisional ballot".

Section 40 of HB 316 extends the counties' election certification deadline and gives Defendant authority to further extend the deadline to complete a pre-certification audit of the election.

On May 2, 2019, HB 392 (Act 75) was signed into law. This bill provides additional protections for the security of the state's voter registration system. Specifically, this bill directs Defendant

> [t]o promulgate a regulation that establishes security protocols for voter registration information maintained and developed by the Secretary of State pursuant to Code Section 21-2-211 and 52 U.S.C. Section 21083. The regulation shall be generally consistent with current industry security standards, and in promulgating the regulation, the Secretary of State shall consider those security standards issued by the National Institute of Standards and Technology, the Center for Internet Security, and the federal Election Assistance Commission. The Secretary of State shall, at least annually, certify that the State of Georgia has substantially complied with the requirements of the regulation promulgated pursuant to this Code section[.]"

The Parties agree that the above-cited provisions make further litigation of this matter unnecessary.

Upon entry of the Court order dismissing this case, Plaintiff intends to file a motion for reasonable attorneys' fees and costs pursuant to Northern District of Georgia Civil Local Rule 54 and other applicable legal authorities. Defendants do not concede that Plaintiffs are entitled to fees in this action.

The parties respectfully request that the Court set the briefing schedule on the fees motion as follows:

Plaintiff's Special Motion, Opening Brief, and Itemization: July 15, 2019

Defendant's Opposition:  August 5, 2019

Plaintiff's Reply: August 19, 2019

WHEREFORE, the Parties respectfully request the Court dismiss the instant action and set the above schedule for briefing the issues of attorney's fees as sought by Plaintiff.

This 14th day of June, 2019.

        SUGARMAN LAW LLP
By:   /s/ F. Skip Sugarman
        F. Skip Sugarman
           GA Bar No. 690773
        154 Krog St., Suite 190
        Atlanta, GA 30307
        (404) 495-4811
        skip@sugarman-law.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
        Robert A. Atkins
           (*pro hac vice*)
           NY Bar No. 2210771
        Farrah R. Berse
           (*pro hac vice*)
           NY Bar No. 4129706
        Makiko Hiromi
           (*pro hac vice*)
           NY Bar No. 5376165
        William E. Freeland
           (*pro hac vice*)
           NY Bar No. 5450648
        Melina M. Meneguin Layerenza
           (*pro hac vice*)
           NY Bar No. 5559240
        1285 Avenue of the Americas
        New York, NY 10019-6064
        (212) 373-3000
        ratkins@paulweiss.com
        fberse@paulweiss.com
        mhiromi@paulweiss.com
        wfreeland@paulweiss.com
        mmeneguin@paulweiss.com

BRENNAN CENTER FOR JUSTICE
AT NEW YORK UNIVERSITY SCHOOL OF LAW
    Myrna Pérez
        (*pro hac vice*)
        NY Bar No. 4874095
    Lawrence D. Norden
        (*pro hac vice* application pending)
        NY Bar No. 2881464
    Wendy R. Weiser
        (*pro hac vice*)
        NY Bar No. 2919595
    Maximillian Feldman
        (*pro hac vice*)
        NY Bar No. 5237276
    120 Broadway, Suite 1750
    New York, NY 10271
    (646) 292-8310
    perezm@brennan.law.nyu.edu
    nordenl@brennan.law.nyu.edu
    weiserw@brennan.law.nyu.edu
    feldmanm@brennan.law.nyu.edu

    *Attorneys for Plaintiff*


STATE LAW DEPARTMENT
    Christopher M. Carr
        Attorney General
        GA Bar No. 112505
    Dennis R. Dunn
        Deputy Attorney General
        GA Bar No. 234098
    Russell D. Willard
        Senior Assistant Attorney General
        GA Bar No. 760280
    40 Capitol Square, S.W.
    Atlanta, Georgia 30334
    (404) 656-3357

ROBBINS ROSS ALLOY BELINFANTE
LITTLEFIELD LLC
    Josh Belinfante
        GA Bar No. 047399
    Ryan Teague
        GA Bar No. 701321
    Kimberly Anderson
        GA Bar No. 602807
    999 Peachtree Street, N.E., Suite 1120
    Atlanta, GA 30309
    (678) 701-9381
    jbelinfante@robbinsfirm.com
    rteague@robbinsfirm.com
    kanderson@robbinsfirm.com

TAYLOR ENGLISH DUMA LLP
    Bryan P. Tyson
        Special Assistant Attorney General
        GA Bar No. 515411
    1600 Parkwood Circle, Suite 200
    Atlanta, GA 30339
    (678) 336-7249
    bytson@taylorenglish.com

*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing JOINT STIPULATION OF DISMISSAL was prepared double-spaced in 14-point Times New Roman pursuant to Local Rule 5.1(C).

                                              */s/ F. Skip Sugarman*
                                              F. Skip Sugarman
                                              Sugarman Law LLP

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2019, I served the within and foregoing JOINT STIPULATION OF DISMISSAL with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to this matter via electronic notification or otherwise.

This 14th day of June, 2019.

                                              */s/ F. Skip Sugarman*
                                              F. Skip Sugarman
                                              Sugarman Law LLP