# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| COMMON CAUSE GEORGIA, as an organization, <br><br> *Plaintiff*, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia, <br><br> *Defendant*. | Case No. 18-cv-05102-AT |

## DECLARATION OF MYRNA PÉREZ

MYRNA PÉREZ declares under penalty of perjury:

**Background**

1. My name is Myrna Pérez. I am over the age of 21 and fully competent to testify in this matter. I have knowledge of the facts recited in this Declaration, which are based on my personal knowledge and on my review of the records of the Brennan Center for Justice at New York University School of Law (the "Brennan Center"). I make this Declaration in support of Plaintiff Common

Cause Georgia's ("Common Cause's") motion for the award of attorneys' fees and expenses in this case.

2. I am Director of the Voting Rights and Elections Program at the Brennan Center, which is co-lead counsel for Common Cause in this lawsuit, along with Paul, Weiss, Rifkind, Wharton and Garrison LLP ("Paul, Weiss"). I have overseen this matter for the Brennan Center since its inception. I have been responsible for, among other things, helping to formulate and direct Common Cause's case strategy, research and analyze legal issues, and draft and edit the complaint and motion for a temporary restraining order and expedited discovery (the "TRO Motion") filed by Common Cause. I also presented oral argument to the Court in connection with the TRO Motion, along with co-counsel Farrah Berse of Paul, Weiss. Other Brennan Center personnel also worked on this matter. Maximillian Feldman managed the matter on a day-to-day basis. Sean Morales-Doyle managed the day-to-day during a critical part of the case, in Mr. Feldman's absence. Lawrence Norden contributed his extensive expertise regarding election security matters. In addition, Kevin Morris, a quantitative researcher, provided significant, expert analysis of the data produced by Defendant, in support supported of Common Cause's legal claims.

**Biographical Information For the Brennan Center Team**

3.  I have been a member of the Bar of the State of Texas since 2003, a member of the Bar of the State of New York since 2011, and a member of several federal court bars. The bulk of my career has been focused on voting rights litigation, advocacy, and research. I currently serve as Director of the Voting Rights and Elections Program at the Brennan Center for Justice at NYU School of Law (the "Brennan Center").[1] I previously served as Deputy Director of the Democracy Program, Senior Counsel and Counsel at the Brennan Center. During my tenure at the Brennan Center, I have served as counsel in numerous voting rights cases, at both the trial and appellate level. For example, I currently serve as lead counsel in a federal court challenge to Indiana's voter purge practices and as a co-lead counsel in a federal court challenge to Florida SB 7066, which prohibits returning citizens from registering to vote unless they pay off all legal financial obligations imposed by a court pursuant to a felony conviction. I have previously served as lead counsel in federal and state court challenges to Colorado's purge practices, and a state court challenge to Indiana's voter identification law, among numerous other cases. In addition, I have co-authored amicus briefs in several voting rights cases, including in the U.S. Supreme Court in the *NAMUDNO v.*

---

[1] For most of this matter, my title was Deputy Director of the Democracy Program and Director of the Voting Rights and Elections Project. On June 3, 2019, I was promoted to my current title. During the entire period of the case, however, I have led the Brennan Center's voting rights work.

*Holder* and *Shelby County v. Holder* cases. I have also authored several nationally recognized reports and articles on voting rights and election administration, including *Election Day Long Lines: Resource Allocation* (Sept. 2014) and *If Section 5 Falls: New Voting Implications* (June 2013), and my work has been featured in media outlets across the country, including *The New York Times*, *The Wall Street Journal*, and MSNBC, among others. I have testified before several state legislatures on a variety of voting rights issues. And I serve as a lecturer-in-law at Columbia Law School, where my teaching focuses on complex civil rights litigation and civil rights policy. In addition, I previously served as the Chair of the Election Law Committee of the City of New York Bar Association.  I started my legal career as a law clerk for a judge of the U.S. District Court for the Eastern District of Pennsylvania and for a judge of the U.S. Court of Appeals for the Third Circuit.

    4.     Maximillian Feldman has been a member of the Bar of the State of New York since 2014 and a member of the Bar of the State of California (currently inactive) since 2014. He is also admitted to several federal court bars. Mr. Feldman is Counsel in the Voting Rights and Elections program at the Brennan Center, where he focuses on voting rights and election administration. At the Brennan Center, Mr. Feldman has served as co-counsel for parties and amici in several

elections and public records cases in both state and federal courts. He has also co-authored reports regarding voting laws and litigation in the states. Prior to joining the Brennan Center, Mr. Feldman was a litigation associate in private practice. His practice focused on complex commercial litigation, and he represented clients in a variety of industries, in both state and federal court. He started his legal career as a law clerk for a judge of the U.S. Court of Appeals for the First Circuit.

5. Sean Morales-Doyle has been a member of the Bar of the State of Illinois since 2007, a member of the Bar of the State of New York since 2018, and he is admitted to several federal court bars. Mr. Morales-Doyle is Senior Counsel in the Voting Rights & Elections Program at the Brennan Center, where he focuses on voting rights and election administration.[2] Mr. Morales-Doyle has extensive experience litigating civil rights and constitutional matters. Prior to joining the Brennan Center, Mr. Morales-Doyle was a shareholder at Despres, Schwartz & Geoghegan, Ltd., in Chicago. There, he litigated cases involving voting rights, gerrymandering, free speech, police misconduct, race discrimination, and sexual harassment. He has experience in both state and federal courts and in virtually every aspect of complex litigation, including trials, oral arguments, and

---

[2] For most of this matter, Mr. Morales-Doyle's title was Counsel. He was promoted to Senior Counsel on June 26, 2019.

5

preliminary injunction and temporary restraining order hearings. He has repeatedly been appointed class counsel in class action litigation. In addition, he has served as an Assistant Attorney General for the State of Illinois, and as a law clerk to a judge of the U.S. District Court for the Northern District of Illinois.

6. Lawrence Norden has been a member of the Bar of the State of New York since 1997, and he is a member of several federal court bars. He currently serves as Director of the Election Reform Program at the Brennan Center, and he previously served as Deputy Director of the Democracy Program, Senior Counsel, and Counsel at the Brennan Center.[3] During his tenure at the Brennan Center, he has authored several nationally recognized reports and articles on election security, including *Securing Elections from Foreign Interference* (June 2017) and *America's Voting Machines at Risk* (September 2015). He was the lead author of the book *The Machinery of Democracy: Protecting Elections in an Electronic World* (Academy Chicago Press). He is a member of the U.S. Election Assistance Commission's Board of Advisors and he serves as Vice Chair of its Election Security Committee. In 2009, Mr. Norden served as Chair of the Ohio Secretary of State's bipartisan Election Summit and Conference, authoring a report to the State

---

[3] For most of this matter, Mr. Norden's title was Deputy Director of the Democracy Program. On June 3, 2019, he was promoted to his current title. During the entire period of the case, however, he has led the Brennan Center's election security work.

of Ohio for the purpose of improving that state's election laws. He has testified before Congress on election security issues twice in the last three years. In addition, he has substantial litigation experience in voting and elections cases.

**The Brennan Center's Work in Connection With This Matter**

7.  I am familiar with the legal work that the Brennan Center performed in this case on behalf of Common Cause.  Based on my experience in voting rights litigation, I believe that the work that we performed in this case was reasonable and appropriate.

8.  Much of the work that the Brennan Center did in this case was performed in an extraordinarily short time period between the inception of the case on or about November 5, 2018 through the Court's Order on the TRO Motion on November 12, 2018—just one week later.  This work was done under unusual and substantial time pressure given the November 6, 2018 general election and the November 13, 2018 deadline for the certification of those election results.

9.  During that short time period, our work included developing the theory of the case, locating fact and expert witnesses, working with Paul, Weiss to research and drafting the complaint, the TRO Motion, and related submissions, and arguing the TRO motion before this Court.  In total, during that time period, we drafted and filed a Complaint, seven briefs, and eighteen declarations from fact and

expert witnesses.[4] In addition, we prepared for and participated in the hearing in this Court on November 8, 2018.

10. The Brennan Center accepts voting rights cases on behalf of clients, such as the plaintiffs in this case, who are unable to pay for the legal services required to litigate their claims and vindicate their rights. We therefore do not generally bill clients for our legal services, and we will not do so in this case; accordingly, we will obtain no compensation in this case absent a fee recovery.

11. Attached as Exhibit 1 is a chart which details the time spent by Brennan Center timekeepers who worked on this case from November 5-11, 2018

---

[4] Compl., ECF No. 1; Pl.'s Mem. of Law in Supp. Of Mot. for a TRO and Expedited Disc., ECF No. 15-1; Pl.'s First Set of Reqs. for the Produc. of Docs. and Things to Def. Brian Kemp, ECF No. 15-11; Berse Decl., ECF No. 15-12; Morris Decl., ECF No. 25; Geltzer Decl., ECF No. 26; Wood Decl., ECF No. 27; Grant Decl., ECF No. 28; Henderson Decl., ECF No. 29; Flanagan Decl., ECF No. 30; Owens Decl., ECF No. 31; Wallach Decl., ECF No. 35; Barry Decl., ECF No. 36; Pl.'s Mem. of Law re. Standing in Further Supp. Of Pl.'s Mot. for a TRO, ECF No. 37; McDonald Decl., ECF No. 46; Suppl. Submission of Pl. Common Cause Georgia, ECF No. 47; Cortes Decl., ECF No. 48; Lamb Decl., ECF No. 49; Morris Decl., ECF No. 50; Pl.'s Opp'n to Def.'s Mot. to Strike the Decls. of Michael McDonald, Edgardo Cortes, and Kevin Morris, ECF No. 53; Pl.'s Suppl. Submission in Supp. of Mot. for a TRO, ECF No. 55; Henderson Suppl. Decl., ECF No. 56; Morris Suppl. Decl., ECF No. 58; Pl.'s Resp. to Def.'s Sunday Suppl. General Submission, ECF No. 59; Pl.'s Suppl. Submission re. Standing, ECF No. 60; Richter Decl., ECF No. 60-1; Willingham Decl., ECF No. 60-2.

for which the Brennan Center is seeking to recover fees. The itemization is based on contemporaneous records of the activities in the case.

12. This chart does not contain anywhere near all the time charged by all Brennan Center personnel who worked on this matter. For example, it excludes entirely time expended by Wendy Weiser, a Vice President of the Brennan Center, and Makeda Yohannes, a Research and Program Associate who worked on this matter. In addition, I have carefully reviewed the Brennan Center's time entries and removed entries for which I thought reimbursement was not appropriate – in particular, for work that was more administrative in nature. And we have excluded all time billed after November 11, 2019: approximately 74.5 hours.

13. Other than the edits described above, the time records and work descriptions contained in Exhibit 1 are, to the best of my personal knowledge, a true and accurate reflection of the services performed by Brennan Center personnel who worked on this case, the dates on which they rendered those services, and the time that they billed to those services. I believe that all of the time and services reflected in Exhibit 1 were reasonably necessary to provide Common Cause with effective representation in this case.

14. For the Court's convenience, the following table lists each of the Brennan Center personnel for whom the Brennan Center is seeking to recover fees.

The table provides the total number of hours that we are seeking to have reimbursed for each employee, the hourly rate the Brennan Center is seeking for their time, and the total amount that the Brennan Center is seeking for their work.

### Fee Request

| **Personnel** | **Year of Bar Admission** | **Hours Included in Fee Motion** | **Hourly Rate Sought** | **Total** |
|---|---|---|---|---|
| Myrna Pérez | 2003 | 34.6 | $600 | $20,760 |
| Maximillian Feldman | 2014 | 19.9 | $400 | $7,960 |
| Sean Morales-Doyle | 2007 | 9.0 | $550 | $4,950 |
| Lawrence Norden | 1997 | 24.7 | $600 | $14,820 |
| **TOTAL** | | 88.2 | | $48,490 |

15. I am informed and I believe that the rates sought are consistent with reasonable hourly rates for lawyers at major firms in the Atlanta area with the skills and experience comparable to the Brennan Center lawyers involved in this case. *See* Decl. of David G.H. Brackett ¶¶ 12-19.

16. For the Court's convenience, we also prepared the below chart summarizing how the time for which we seek recovery was spent:

|         | Phase of Case | Number of Hours | Amount |
|---------|---------------|-----------------|--------|
| Phase 1 | Preparing and drafting complaint | 24.6 | $13,450 |
| Phase 2 | Preparing and filing TRO Motion | 14.0 | $8,280 |
| Phase 3 | Oral Argument (including preparation and filing of declarations requested by the Court) | 23.0 | $12,840 |
| Phase 4 | Post-Argument Briefing | 26.6 | $13,920 |

17. Attached as Exhibit 2 is a chart itemizing each of the out-of-pocket expenses incurred and paid by the Brennan Center in connection with this litigation for which the Brennan Center is seeking reimbursement. This chart is a summary based upon the electronic records maintained by the Brennan Center in the ordinary course of business. Also included in Exhibit 2 are the receipts or other back up information with respect to the expenses for which the Brennan Center is seeking reimbursement.

18. The total amount of expenses the Brennan Center is seeking is $1,104.05. The Firm is seeking reimbursement for two categories of expenses: (1)

travel expenses associated with travel to Atlanta to participate in a hearing on Plaintiff's motion for a temporary restraining order and expedited discovery, which total $194.05; and (2) fees incurred by expert Edgardo Cortés, which totals $910.00.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on July 22, 2019, at New York, New York.

_____
Myrna Pérez